SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2019 FEB 21 PM 12:57
DEPUTY CLERK_____

| UNITED STATES OF AMERICA | NO. |
|---|---|
| v. | **FILED UNDER SEAL** |
| ELKIN ACOSTA LOPEZ | |

INDICTMENT  3-19CR-090-S

Count One
Conspiracy to Launder Monetary Instruments
(Violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h))

The Grand Jury Charges:

### Introduction and Background

At all times material to this indictment:

1. Defendant **Elkin Acosta Lopez** was a resident of Bogotá, Colombia.

2. Defendant **Elkin Acosta Lopez** operated a jewelry business in Bogotá, Colombia.

### Conspiracy

3. Beginning on or about June 6, 2016, and continuing through in or around July of 2016, the exact date being unknown, in the Dallas Division of the Northern District of Texas (NDTX) and elsewhere, the defendant, **Elkin Acosta Lopez**, did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit an offense against the United States in violation of 18 U.S.C. § 1956, to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified

unlawful activity, that is, interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, with the intent to promote the carrying on of said specified unlawful activity, that is, interference with commerce by robbery, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

## Manner and Means

4. It was part of the conspiracy that the conspirators profiled traveling jewelry salesmen in the Dallas Fort-Worth area and elsewhere for the purposes of planning robberies of the traveling jewelry salesmen.

5. It was further part of the conspiracy that the conspirators robbed traveling jewelry salesmen, sometimes at gunpoint, in order to steal the traveling jewelry salesmen's money and jewelry.

6. It was further part of the conspiracy that the conspirators negotiated and sold the stolen jewelry to **Elkin Acosta Lopez**, who knew the jewelry had been stolen.

7. It was further part of the conspiracy that the conspirators conducted business in interstate commerce and the conspiracy affected interstate and foreign commerce as contemplated by 18 U.S.C. § 1951(a).

8. It was further part of the conspiracy that **Elkin Acosta Lopez** traveled to New York to sell the stolen jewelry. In at least one instance, **Elkin Acosta Lopez** melted down the jewelry to conceal that it had been stolen.

9. It was further part of the conspiracy that **Elkin Acosta Lopez** caused currency to be provided to the conspirators in the United States and in the country of Colombia in exchange for providing **Elkin Acosta Lopez** with the stolen jewelry.

## Overt Acts

10. In furtherance of the conspiracy and to effect its object, **Elkin Acosta Lopez**, along with other conspirators, committed the following overt acts, among others, in the NDTX and elsewhere:

11. On or about June 9, 2016, the conspirators, whose names are known to the Grand Jury, conducted surveillance in the vicinity of a jewelry store located at 300 South Central Expressway, Richardson, Texas, for the purpose of identifying and robbing a traveling jewelry salesman.

12. On or about June 9, 2016, the conspirators, whose names are known to the Grand Jury, utilized three rental vehicles in order to conduct the above-referenced surveillance, facilitate the commission of the robbery, and avoid detection and apprehension by law enforcement.

13. On or about June 9, 2016, the conspirators, whose names are known to the Grand Jury, robbed a traveling jewelry salesman at gunpoint at a gas station located in Euless, Texas, in the NDTX.

14. On or about June 9, 2016, the conspirators, whose names are known to the Grand Jury, kicked and beat the traveling jewelry salesman to secure and steal his jewelry. The violence contributed to the traveling jewelry salesman's death.

15. On or about June 10, 2016, the conspirators spoke with **Elkin Acosta Lopez** about the potential purchase of jewelry.

16. On or about June 11, 2016, **Elkin Acosta Lopez** entered the United States from the country of Colombia to meet with the conspirators in Houston, Texas, for the purpose of purchasing the stolen jewelry.

17. On or about June 11, 2016, **Elkin Acosta Lopez** rented a car in Houston, Texas.

18. On or about June 12, 2016, **Elkin Acosta Lopez** gave the conspirators a down-payment of approximately $10,000 in United States currency for the stolen jewelry. **Elkin Acosta Lopez** told the conspirators he would provide the rest of their money at a later date.

19. On or about June 12, 2016, the conspirators split the down-payment from **Elkin Acosta Lopez**.

20. On or about June 13, 2016, **Elkin Acosta Lopez** began traveling to New York to sell the jewelry.

21. On or about June 20, 2016, **Elkin Acosta Lopez** flew from New York to Bogotá, Colombia.

[Nothing further on this page.]

22. In July of 2016, **Elkin Acosta Lopez** caused more currency to be provided to the conspirators, whose names are known to the Grand Jury, in the country of Colombia. This currency represented the remaining portion of what the conspirators and **Elkin Acosta Lopez** had agreed on in Houston, Texas, back in June of 2016.

All in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h).

A TRUE BILL

_____
FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
RYAN R. RAYBOULD
Assistant United States Attorney
Kansas Bar No. 25429
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214-659-8713
Fax: 214-659-8809
E-mail: ryan.raybould@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

ELKIN ACOSTA LOPEZ

SEALED INDICTMENT

(18 U.S.C. § 1956(h) (18 U.S.C. § 1956(a)(1)(A)(i))
Conspiracy to Commit Promotional Money Laundering

(Count 1)

1 Count

A true bill rendered

DALLAS                                                    FOREPERSON

Filed in open court this 21st day of February, 2019.

**Warrant to be Issued**

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending