ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:19-CR-090-S |
| v. | |
| ELKIN ACOSTA LOPEZ | |

## FACTUAL RESUME

In support of Elkin Acosta Lopez's plea of guilty to the offense in Count One of the indictment, the defendant, Elkin Acosta Lopez; the defendant's attorney, Eduardo Balarezo; and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h), that is, conspiracy to launder monetary instruments, the government must prove each of the following elements beyond a reasonable doubt:

> First: that the defendant and at least one other person made an agreement to commit the crime of money laundering (promotion), in violation of 18 U.S.C. § 1956(a)(1)(A)(i);
>
> Second: that the defendant knew of the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.[1]

---

[1] Based on Fifth Circuit Pattern Jury Instruction (Crim.) 2.15A (2015). *See United States v. Guillermo Balleza*, 613 F.3d 432, 433 n.1 (5th Cir. 2010); *Whitfield v. United States*, 543 U.S. 209 (2005); *United States v. Fuchs*, 467 F.3d 889, 906 (5th Cir. 2006) (citing *United States v. Meshack*, 225 F.3d 556, 573–74 (5th Cir.2000)).

Factual Resume—Page 1

The government must also prove beyond a reasonable doubt the object of the conspiracy, to wit, laundering of monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). The elements of that offense are:

> First: That the defendant knowingly conducted or attempted to conduct a financial transaction;
>
> Second: That the financial transaction or attempted financial transaction involved the proceeds of a specified unlawful activity, namely interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2;
>
> Third: That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and
>
> Fourth: That the defendant intended to promote the carrying on of the specified unlawful activity.[2]

## STIPULATED FACTS:

Beginning on or about June 6, 2016, and continuing through in or around July of 2016, the exact date being unknown, in the Dallas Division of the Northern District of Texas (NDTX) and elsewhere, the defendant, Elkin Acosta Lopez, did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit an offense against the United States in violation of 18 U.S.C. § 1956, to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, with the intent to promote the carrying on of said specified unlawful activity, that is,

---

[2] Based on Fifth Circuit Pattern Jury Instruction (Crim.) 2.76A (2015).

**Factual Resume—Page 2**

interference with commerce by robbery, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

The defendant admits that he travelled to the United States to help launder jewelry, jewels, and diamonds for individuals involved in specified unlawful activities, including robberies and burglaries. In one particular instance, as charged in Count One of the Indictment, the defendant travelled to the United States from Colombia with approximately $10,000 in United States currency. Once arriving in the United States in June of 2016, the defendant met with coconspirators to launder the stolen jewelry. The defendant admits that he paid the coconspirators approximately $10,000 as a down-payment for the stolen jewelry. The defendant and the coconspirators agreed that the remaining payment for the stolen jewelry would be provided in the country of Colombia, and for one of the robbers, the payment would be provided in New York. The defendant admits that when he purchased the jewelry in June of 2016, he knew that it had been stolen, that is to say that it was proceeds of a specified unlawful activity. After obtaining the stolen jewelry, the defendant travelled to New York, New York, to melt down the jewelry. In total, defendant admits that the monetary loss related to Count One of the indictment is $175,670.

The defendant admits that he caused a total monetary loss—related to his international money laundering activities—of between $550,000 and $1,500,000.

Generally, the defendant admits that to launder the stolen jewelry, diamond, and jewels, he would fly from Colombia to the United States. Defendant returned with the proceeds to Colombia. At times, the defendant sold the stolen jewels, diamond, and jewelry at his shop in Bogotá, Colombia, or he worked with others to sell the stolen items in the United States.

More specifically, the defendant admits that he helped coconspirators launder stolen jewels, diamonds, and jewelry on another occasion. Indeed, in January of 2015, the defendant helped launder jewels that had a value of approximately $757,418.72 related to a Dallas, Texas, Hobbs Act robbery. The defendant knew at the time he helped launder the stolen jewelry, diamonds, and jewels that the items represented proceeds of a specified unlawful activity.

AGREED TO AND SIGNED this 8th day of May, 2019.

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
ELKIN ACOSTA LOPEZ
Defendant

_____
RYAN RAYBOULD
Assistant United States Attorney
Kansas State Bar No. 25429
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8713
Facsimile: 214-659-8805
E-mail: ryan.raybould2@usdoj.gov

_____
EDUARDO BALREZO
Attorney for Defendant